## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| JOSE LOPEZ,<br><br>          Plaintiff,<br><br>    v.<br><br>BROADWAY FINANCIAL CORPORATION, WAYNE-KENT A. BRADSHAW, VIRGIL ROBERTS, ROBERT C. DAVIDSON, JR., DANIEL A. MEDINA, DUTCH C. ROSS, III, ERIN SELLECK, JACK T. THOMPSON, and CFBANC CORPORATION,<br><br>          Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. On August 25, 2020, Broadway Financial Corporation's ("Broadway Financial" or the "Company") Board of Directors (the "Board" or "Individual Defendants") caused Broadway Financial to enter into an agreement and plan of merger (the "Merger Agreement") with CFBanc Corporation ("CFBanc").

2. Pursuant to the terms of the Merger Agreement, among other things: (i) CFBanc will merge with and into Broadway Financial, with Broadway Financial surviving; and (ii) each share of CFBanc common stock will be converted into the right to receive shares of Broadway Financial (the "Proposed Transaction").

3. On January 19, 2021, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Broadway Financial common stock.

9. Defendant Broadway Financial is a Delaware corporation and a party to the Merger Agreement. Broadway Financial's common stock is traded on the NASDAQ under the ticker symbol "BYFC."

10. Defendant Wayne-Kent A. Bradshaw is President, Chief Executive Officer, and a director of the Company.

11. Defendant Virgil Roberts is a director of the Company.

12. Defendant Robert C. Davidson, Jr. is a director of the Company.

13. Defendant Daniel A. Medina is a director of the Company.

14. Defendant Dutch C. Ross, III is a director of the Company.

15. Defendant Erin Selleck is a director of the Company.

16. Defendant Jack T. Thompson is a director of the Company.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18. Defendant CFBanc is a District of Columbia benefit corporation and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Proposed Transaction*

19. On August 25, 2020, Broadway Financial's Board caused the Company to enter into the Merger Agreement with CFBanc.

20. Pursuant to the terms of the Merger Agreement, among other things: (i) CFBanc will merge with and into Broadway Financial, with Broadway Financial surviving; and (ii) each share of CFBanc common stock will be converted into the right to receive shares of Broadway Financial.

21. According to the press release announcing the Proposed Transaction:

CFBanc Corporation ("City First") in Washington, DC and Broadway Financial Corporation ("Broadway," Nasdaq: BYFC) in Los Angeles, CA announced today that they have entered into a transformational Merger of Equals agreement to create the largest Black-led Minority Depository Institution (MDI) in the nation with more

than $1 billion in combined assets under management and approximately $850 million in total depository institution assets (as of June 30, 2020). Combining the two institutions will increase their collective commercial lending capacity for investments in multifamily affordable housing, small businesses, and nonprofit development in financially underserved urban areas, while creating a national platform for impact investors. . . .

Under the terms of the merger agreement, which was unanimously approved by the boards of directors of both City First and Broadway, City First will merge with and into Broadway, with Broadway as the surviving corporation. Broadway Federal Bank, the wholly owned subsidiary of Broadway, will merge with and into City First Bank, the wholly owned subsidiary of City First, with City First Bank as the surviving bank. At the closing of the merger, City First common shareholders will receive 13.626 shares of Broadway common stock for each share of City First common stock they own, resulting in Broadway stockholders owning 52.5% and City First shareholders owning 47.5% of the combined institution.

The merger is expected to close in the first quarter of 2021, subject to satisfaction of customary closing conditions, including receipt of necessary regulatory approvals and approval by the shareholders of each company.

Raymond James & Associates, Inc. is acting as financial advisor, and has rendered a fairness opinion to the board of directors of City First. Covington & Burling LLP is serving as legal counsel to City First. Keefe, Bruyette & Woods, A Stifel Company, is acting as financial advisor, and has rendered a fairness opinion to the board of directors of Broadway. Arnold & Porter Kaye Scholer LLP is serving as legal counsel to Broadway.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

22. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

23. As set forth below, the Registration Statement omits material information.

24. First, the Registration Statement omits material information regarding the Company's, CFBanc's, and the combined company's financial projections.

25. The Registration Statement fails to disclose projected cash flows for the Company, CFBanc, and the combined company.

4

26. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

27. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, Keefe, Bruyette & Woods, Inc. ("KBW").

*28.* With respect to KBW's Discounted Cash Flow Analyses for the Company and CFBanc, the Registration Statement fails to disclose: (i) KBW's basis for applying multiples ranging from 11.0x to 13.0x; and (ii) the individual inputs and assumptions underlying the discount rates ranging from 15.00% to 17.00%.

29. With respect to KBW's Selected Companies Analyses, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed in the analyses.

30. With respect to KBW's Pro Forma Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the projections and pro forma financial adjustments used in the analysis; (ii) the individual inputs and assumptions underlying the discount rates ranging from 15.00% to 17.00%; (iii) the estimated excess cash flows that the pro forma combined entity could generate over the period from December 31, 2020 through December 31, 2025; (iv) the pro forma combined entity's terminal values; and (v) KBW's basis for applying a multiples range of 11.0x to 13.0x.

31. With respect to KBW's Pro Forma Impact Analysis, the Registration Statement fails to disclose: (i) the closing balance sheet estimates for CFBanc and Broadway used in the analysis; (ii) the financial forecasts and projections of CFBanc and Broadway used in the analysis; (iii) the pro forma assumptions; and (iv) the extent to which the Proposed Transaction could be

accretive to CFBanc's estimated tangible book value per share at December 31, 2020, dilutive to CFBanc's estimated 2021 earnings per share, and accretive to CFBanc's estimated 2022 earnings per share.

32. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

33. Third, the Registration Statement fails to disclose whether the Company entered into any nondisclosure agreements that contained standstill and/or "don't ask, don't waive" provisions.

34. Fourth, the Registration Statement fails to disclose the timing and nature of all communications regarding the future employment and directorship of the Company's officers and directors, including who participated in all such communications.

35. The omission of the above-referenced material information renders the Registration Statement false and misleading.

36. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Broadway Financial**

37. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

38. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Broadway Financial

6

is liable as the issuer of these statements.

39.  The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

40.  The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

41.  The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

42.  The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

43.  By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

44.  Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and CFBanc

45.  Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

46.  The Individual Defendants and CFBanc acted as controlling persons of Broadway Financial within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their

positions as officers and/or Board members of Broadway Financial and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

47. Each of the Individual Defendants and CFBanc was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

48. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

49. CFBanc also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

50. By virtue of the foregoing, the Individual Defendants and CFBanc violated Section 20(a) of the 1934 Act.

51. As set forth above, the Individual Defendants and CFBanc had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of

the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  February 5, 2021    **RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Gina M. Serra (#5387)
Herbert W. Mondros (#3308)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Email: sdr@rl-legal.com
Email: gms@rl-legal.com
Email: hwm@rl-legal.com

*Attorneys for Plaintiff*